to go in and get whisky, and the latter did so and was served with whisky by the wife or clerk of the accused, the offence would be complete.

2. The following charge: "If the evidence satisfies you that this man was in charge of the bar and the open door whether any liquor was sold or not, either on that day or any other time within two years prior to the finding of the indictment, you ought to convict him," in the light of the evidence doubtless meant that being in charge of the open door of a bar-room on any Sabbath-day within the two years mentioned would be sufficient to authorize a verdict of guilty, whether liquor was actually sold on any Sabbath-day within that period or not. So construed there would be no error; but even if the charge was misleading, it will not require a new trial in this case, the verdict being imperatively demanded by the evidence.                          *Judgment affirmed.*

April 10, 1893.

Indictment for keeping open a tippling-house on the Sabbath-day. Before Judge BARTLETT. Bibb superior court. November term, 1892.

JOHN R. COOPER, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra.*

---

## HARMON *v.* THE STATE.

Where a restaurant and a bar-room, both in the use and occupation of one proprietor, are separated by a partition, and liquor is furnished on the Sabbath-day or night by a clerk of the proprietor to a customer in the restaurant, the offence of keeping open a tippling-house on the Sabbath is committed by the proprietor, whether the liquor was brought at the time directly from the bar-room, or was already in the restaurant.     *Judgment affirmed.*

April 10, 1893.

Indictment for keeping open a tippling-house on the Sabbath-day. Before Judge BARTLETT. Bibb superior court. November term, 1892.

JOHN R. COOPER, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra.*